RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/18/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES KENNEDY WILLIAMS | DOCKET NO. 14-CV-2312; SEC. P |
| VERSUS | JUDGE DRELL |
| NATCHITOCHES POLICE DEPARTMENT | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the complaint of pro se Plaintiff, James Kennedy Williams, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Plaintiff asks that the Court initiate an investigation of the Natchitoches Police Department "about how their offices steal money and falsely charge and harass family members." He asks for monetary damages for his pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff complains that the Natchitoches Police Department harassed his mother several times at her place of employment. He also alleges that, when he was arrested, he had $429.13 in his possession, but only $113.00 was given to him in his jail spending account. He alleges that several additional charges have been brought against him in order to silence Plaintiff. Finally, he says "they told everyone in the jail that I'm a snitch."

*Law and Analysis*

1. Missing Money

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983. In <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. <u>Id.</u>, 451 U.S. at 536-37. This is known as the "Parratt/Hudson doctrine."

Even to the extent that Plaintiff claims the money was taken intentionally, his claim fails. It is well-settled that, even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. La. Civil

Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding his missing money is barred by the *Parratt/Hudson* doctrine.

2.  Damages

Title 42 U.S.C. §1997e bars prisoners from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by §1997e(e) must be more than de minimis but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)). Plaintiff has not alleged any physical injury as a result of the defendants' actions.

Being labeled a "snitch" in the prison environment could pose a threat to an inmate's health or safety. See United States v. Henderson, 565 F.2d 900, 905 (5th Cir. 1978)("the life of a 'snitch' in a penitentiary is not very healthy"). However, Plaintiff has not presented any allegations indicating that he was exposed to any risk of serious harm. He only makes a conclusory allegation that his life is in danger; he provides no allegations of facts to support his conclusion.

3. Harassment of others

Plaintiff complains that the police questioned his mother at work and harassed her. The Fifth Circuit has held that persons claiming a deprivation of constitutional rights are required to show a deprivation of their *personal* rights, and not the rights of others. Coon v. Ledbetter, 780 F.2d 1158, 1159 (5th Cir. 1986). Plaintiff can not file suit on behalf of his mother.

4. Additional Charges

Plaintiff complains of the validity of charges brought against him while he was incarcerated. Such claims challenging the validity of criminal proceedings must be brought as habeas claims. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998)("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus").

Federal habeas relief is generally unavailable to litigants until they have exhausted available state court remedies. While it is only in the post-trial setting that exhaustion is mandated by statute, (see 28 U.S.C. § 2254(b)) the jurisprudence holds that although section 2241 establishes jurisdiction in the federal

courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-492 (1973). Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of habeas corpus under the criminal jurisdiction of the appropriate district court. See Madison v. Ward, 00-2842 (La.App. 1st Cir. 7/3/02), 825 So.2d 1245, 1254 (en banc).

5. Injunctive Relief

Plaintiff requests that the Court conduct an investigation of the Natchitoches Police Department. However, the Courts are not investigatory agencies. Additionally, private citizens have no constitutional right to have their claims investigated by federal or local executive officials. See, e.g., Gomez v. Whitney, 757 F.2d 1005 (9th Cir.1985); Dunyan v. FBI, 1992 WL 25777 (E.D.Pa. Feb.5, 1992); Moses v. Kennedy, 219 F.Supp. 762 (D.D.C.1963); see also Hymel v. Champagne, 2007 WL 1030207 (E.D.La. 2007) (citations omitted). To the extent that Plaintiff wants the Court to order some agency of the executive department to conduct an investigation he fails to state a claim for which relief may be granted.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _14_ day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE